IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-106 |
| | ) |
| BLAKE THOMAS BABIN | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and hereby submits the government's Sentencing Memorandum.

On November 8, 2023, Defendant Babin entered a plea of guilty to Count One of the Indictment at Criminal No. 23-106, admitting to transporting from on or about October 22, 2022, though on or about December 30, 2022, an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(b)(1)(B)(ii).

A sentencing hearing is scheduled before this Honorable Court on March 13, 2024. In advance of the sentencing hearing, the government hereby submits this memorandum to the Court, recommending the imposition of a sentence within the applicable advisory guidelines range of 0 to 6 months' imprisonment. The following factors are relevant to the government's recommended sentence for the defendant in this case.

### I.  UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*,

133 S.Ct. at 2083.  When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance."  *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added).  "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).  In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 0 to 6 months (TOL 5, CHC I) for this defendant, based upon the seriousness of the offense of conviction, the defendant's lack of criminal history, and his acceptance of responsibility.

## II.      TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553 support the imposition of a sentence within the applicable advisory guidelines range.

   (1)   **18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

### The Nature and Circumstances of the Offense

The defendant, currently age 60, while working as a Lieutenant with the Bethel Park Police Department traveled to Colombia where he socialized at nightclubs and other establishments offering prostitutes for hire.  The defendant met the alien in this case in one such establishment.  She was likely under the age of 18 and prostituting herself, and he was a "John."  The defendant cultivated a romantic relationship with her, and as detailed in the Offense Conduct section of the Final Presentence Investigation Report ("PSIR"), assisted her financially and logistically in entering the United States illegally, crossing the border from Mexico, and transporting her within the United States thereafter. *See* PSIR ¶¶ 9 – 23 (Doc. No. 40).  The alien possessed identification at the time of her crossing that indicated that she had recently

turned 18 years old. The alien is a citizen of Venezuela, and the United States is unable to confirm her birthdate through government channels. Text exchanges between the defendant and the alien revealed that the defendant assisted her in crossing into the United States and transported her to his home in Bethel Park, Pennsylvania, because he "loved her" and needed her help because he hates "to keep a house by [him]self." He shared that he thought she was beautiful, that her body was "perfect", and that he liked that she enjoyed sex.

### The History and Characteristics of the Defendant

The defendant has spent his adult life working as a police officer and retired from his position as a Lieutenant with the Bethel Park Police Department approximately one week after his arrest in this case. He has no criminal history and no substance abuse problems. He reports to suffering from back issues, high cholesterol, hypertension, and depression, for which he takes medication. The defendant lives in Bethel Park, Pennsylvania. He further reports to currently "sponsoring" a family from Venezuela. Those persons include a 23-year-old female, her mother, and her infant daughter with whom she was pregnant at the time she entered the United States and began living with the defendant. Prior to their legal entry under a special program for Venezuelans, the defendant had applied to the U.S. Immigration and Naturalization Service requesting entry to the United States for the 23-year-old, claiming she was his fiancé.

. To his credit, the defendant has accepted responsibility and pleaded guilty to the instant offense, saving the government time, money, and resources. The applicable guideline range is 0 to 6 months' imprisonment (TOL 5, CHC I).

> **(2)   18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The seriousness of the defendant's conduct in this case is elevated by the fact that at the time of the commission of the offense, he was employed as a police officer and sworn to uphold the law. The sentence to be imposed should provide just punishment for the offense and promote respect for the law.

> **(3) 18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

Imposition of a guideline sentence of imprisonment is also necessary in this case to adequately deter others from committing this type of offense.

> **(4) 18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

A sentence within the advisory guidelines range should serve to protect the public from further crimes of this defendant.

> **(5) 18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

Pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(b)(1)(B)(ii), the maximum term of imprisonment is five years. The defendant is eligible for a sentence of not less than one nor more than five years' probation. 18 U.S.C. § 3583(b)(2) and USSG §5B1.2(a)(1). The applicable fine range is $500 to $9,500, to which the defendant has the financial wherewithal to pay. USSG § 5E1.2(c)(3).

> **(6) 18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government concurs with the calculations set forth in the final PSIR (Doc. No. 40). The defendant's total offense level is 5 and his criminal history category is I. The advisory Sentencing Guideline range is, therefore, 0 to 6 months' imprisonment. The defendant is eligible for a sentence of probation. The PSIR writer has determined that there are no factors

that would warrant a departure from the applicable guideline range nor does the government support a downward departure. *See* PSR ¶ 77.  The government is not seeking an upward departure in this case.

    **(7)    18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

There are no pertinent policy statements applicable.

    **(8)    18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The defendant is the only person charged in this case.   Given the facts and circumstances of this case, there should be little concern that the sentence imposed will result in unwarranted sentencing disparities for defendants who are similarly situated.

    **(9)    18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

Restitution is not applicable in this case.

### III.    CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court impose a sentence within the advisory guidelines range.

    Respectfully submitted,

    ERIC G. OLSHAN
    United States Attorney

    *s/ Carolyn J. Bloch*
    CAROLYN J. BLOCH
    Assistant U.S. Attorney
    U.S. Attorney's Office
    Pittsburgh, PA 15219
    PA ID No. 53430